NI, WANG & MASSAND, PLLC
Timothy Wang, Esq. (TX Bar #24067927)
(Pro hac vice to be filed)
twang@nilawfirm.com
Nick Najera, Esq. (TX Bar # 24127049)
(Pro hac vice to be filed)
nnajera@nilawfirm.com
8140 Walnut Hill Lane, Suite 615
Dallas, TX 75231
Email: twang@nilawfirm.com
Telephone: (972) 331-4600
Facsimile: (972) 314-0900

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **SHANG HAI AI MU BO ZHI NENG KE JI YOU XIAN GONG SI dba LUCKFIRE. et.al**., <br><br> *Plaintiffs*, <br><br> v. <br><br> **THE NOCO COMPANY**, <br> *Defendant*. | **Civil Action No.** <br> **ORIGINAL COMPLAINT** <br> **JURY DEMAND** |

ORIGINAL COMPLAINT

1

# ORIGINAL COMPLAINT

Plaintiffs SHANG HAI AI MU BO ZHI NENG KE JI YOU XIAN GONG SI dba LUCKFIRE, SHENZHENSHI JIEAO DIANZI SHANGWU YOU XIAN GONG SI dba Zipom MX Inc., SHENZHENSHIMINGHUIHONGFANGKEJIYOUXIANGONGSI dba KAClCAL, SHENZHENYIMAOKEJIYOUXIANGONGSI dba First AA, SHENZHENSHISHUDONGDIANZISHANGWUYOUXIANGONGSI dba AUXITO PARTS, SHENZHENSHIXIANHONGJIAYIKEJIYOUXIANGONGSI dba gerrit, HAOZHOUSHIXINSHIZHIHAODIANZISHANGWUYOUXIANGONGSI dba shengjiexinshizhihao8v, (collectively, "Plaintiffs") file this complaint against Defendant The NOCO Company ("Defendant") seeking a declaratory judgement of patent non-infringement of certain jump stater product, as defined herein, against United States Patent No. 11,611,222 ("Patent").

## INTRODUCTION

1. Over the past twenty years, online retailing has revolutionized how foreign companies reach American consumers. The rise of electronic marketplaces combined with a dramatic increase in transport speed and improved logistic

ORIGINAL COMPLAINT

2

networks has allowed even relatively small companies to compete globally. These developments have generally increased competition and lowered prices.

2. The web domain "Amazon.com" hosts the Amazon Marketplace and its millions of product listings; it is United States specific and targets American consumers. For an online retailer to effectively compete in the United States, it must sell on the Amazon Marketplace. According to bigcommerce.com, "Each month more than 197 million people around the world get on their devices and visit Amazon.com. That's more than the entire population of Russia. In 2018, Amazon's share of the US e-commerce market hit 49%... that is more than Amazon's top three competitors combined, with eBay coming in at 6.6%, Apple at 3% and Walmart at 3.7%."

3. Nine out of ten American consumers use Amazon to price check products they find elsewhere, and roughly 95 million people have Amazon Prime memberships in the United States. Facing the considerable challenges of managing this sprawling hive of commercial activity, Amazon, Inc. established intellectual property complaint and enforcement systems for Amazon.com primarily designed to protect itself from contributory infringement liability. These include a patent infringement reporting mechanism and a binding pseudo-arbitration evaluation procedure currently known as the Amazon Patent Evaluation Express.

4. In sum, after Amazon receives a patent infringement complaint, it may unilaterally remove the accused listings as a violation of their policies. Once this happens, accused sellers are left with limited options to appeal or overturn the removal, including submitting a court order stating that the accused seller is allowed to sell the accused products and hence are not violating Amazon policy for each of the listings mentioned in a deactivation notification.

5. It is against this backdrop that Defendant reported to Amazon meritless "Intellectual Property Violation" against the Accused Products, specifically alleging infringement of the Patent, and resulting in the delisting of the Accused Products.

## NATURE OF THE ACTION

6. This is an action for Declaratory Judgment of patent non-infringement arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and the United States Patent Laws, 35 U.S.C. § 101 *et seq.*

7. This action arises from several complaints submitted by Defendants to Amazon.com concerning Plaintiffs' Amazon listings under multiple ASINs, causing significant harm to Plaintiffs.

## PARTIES

8. Plaintiff shenzhenshishudongdianzishangwuyouxiangongsi dba AUXITO PARTS (Seller ID: A28XMD5KFS6NPA) is a type of foreign legal entity organized under the laws of the People's Republic of China.

4
ORIGINAL COMPLAINT

9. Plaintiff shang hai ai mu bo zhi neng ke ji you xian gong si dba Luckfire (Seller ID: A3SRF23KOFQ829) is a type of foreign legal entity organized under the laws of the People's Republic of China.

10. Plaintiff ShenZhenShi JieAo DianZi ShangWu You Xian Gong Si dba Zipom MX Inc. (Seller ID: A1N0PTBBO835K9) is a type of foreign legal entity organized under the laws of the People's Republic of China.

11. Plaintiff shenzhenshiminghuihongfangkejiyouxiangongsi dba KAClCAL (Seller ID: A5U6D650BK1EP) is a type of foreign legal entity organized under the laws of the People's Republic of China.

12. Plaintiff shenzhenshixianhongjiayikejiyouxiangongsi dba gerrit (Seller ID: A1NMUCF6N4F3LI) is a type of foreign legal entity organized under the laws of the People's Republic of China.

13. Plaintiff haozhoushixinshizhihaodianzishangwuyouxiangongsi dba shengjiexinshizhihao8v (Seller ID: A1MFVCDH8P9XSN) is a type of foreign legal entity organized under the laws of the People's Republic of China.

14. Plaintiff Shenzhenyimaokejiyouxiangongsi dba First AA (Seller ID: ANMGWO1K8OE8V) is a type of foreign legal entity organized under the laws of the People's Republic of China.

15. Upon information and belief, Defendant is a corporation organized under the law of the State of Ohio, with its principal place of business at 30339 Diamond Parkway #102, Glenwillow, Ohio.

16. Upon information and belief, Defendant conducts extensive research and development at its office located in Phoenix, Arizona.

## JURISDICTION AND VENUE

17. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a) because it arises under the Patent Laws of the United States, 35 U.S.C. §§ 101 *et. seq*. Jurisdiction over the subject matter of this action is further provided under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

18. Defendant is subject to this Court's general personal jurisdiction pursuant to the due process clause of the Constitution and/or the Arizona Long Arm Statute, due at least to Defendant's substantial business in this State and District, including: regularly conducting and soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from Arizona residents.

19. Defendant is further subject to this Court's specific personal jurisdiction pursuant to the due process clause of the Constitution and/or the Arizona Long Arm Statute, due at least to Defendant's minimal contact in this State and

District giving rise to this suit, including: researching and developing the subject matter of the Patent here; and enforcing the Patent against Plaintiffs here.

20. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## THE ACCUSED PRODUCTS

21. Plaintiffs are e-commerce companies selling various auto accessory products on the Amazon marketplace.

22. The Accused Products at issue are the vehicle battery jump starters identified by ASIN Nos. B0DW37C9MX, B0D3X1FR59, B0D3V9W3JH, B0DMDG3W1P, B0DPMRS886, B0CNXV4DNR, and B0DPSM1NY7 ("Accused Products"). Each ASIN sells Accused Products that are functionally equivalent.

23. The Amazon marketplace constitutes Plaintiffs' primary sales channel into the United States. To remain competitive in the United States market for jump starters, Plaintiffs need their products listed in the Amazon marketplace.

24. Defendant's ability to use Amazon infringement complaints as an inequitable injunction significantly harms Plaintiffs. In addition to the direct effects of monetary losses, the delisting of products immediately results in lost sales numbers, product reviews, and product ratings, which are all important factors in determining their Amazon ranking. Amazon ranking is in turn important to product visibility in consumer searches and to Amazon's award of the "Amazon Choice"

badge or the "Amazon Bestseller" designations which create a significant sales boost.

### UNITED STATES PATENT NO. 11,611,222

25.     Defendant is the named assignee and applicant of record of the Patent, attached as Exhibit A.

26.     The Patent is entitled "PORTABLE VEHICLE BATTERY JUMP STARTER WITH AIR PUMP" and generally discloses: "A portable or handheld jump starting and air compressing apparatus for jump starting a vehicle engine and air inflating an article such as a tire. The apparatus can include a rechargeable lithium ion battery or battery pack and a microcontroller. The lithium ion battery is coupled to a power output port of the device through a FET smart switch actuated by the microcontroller. A vehicle battery isolation sensor connected in circuit with positive and negative polarity outputs detects the presence of a vehicle battery connected between the positive and negative polarity outputs. A reverse polarity sensor connected in circuit with the positive and negative polarity outputs detects the polarity of a vehicle battery connected between the positive and negative polarity outputs." *Id.*

27.     The Patent was filed on December 14, 2018 and was issued on March 21, 2023. *Id.*

28. The Patent claims priority to PCT/US18/51964 filed on Sep. 20, 2018, PCT/US18/51834 filed on Sep. 20, 2018, PCT/US18/51665 filed on Sep. 19, 2018, PCT/US18/50904 filed on Sep. 13, 2018, PCT/US18/49548 filed on Sep. 5, 2018, PCT/US18/42474 filed on Jul. 17, 2018, PCT/US18/40919 filed on Jul. 5, 2018, PCT/US18/35029 filed on May 30, 2018, PCT/US18/34902 filed on May 29, 2018, U.S. provisional application No. 62/598,871 filed Dec. 14, 2017, U.S. provisional application No. 62/569,355 filed Oct. 6, 2017, U.S. provisional application No. 62/569,243 filed Oct. 6, 2017, U.S. provisional application No. 62/568,967 filed Oct. 6, 2017, U.S. provisional application No. 62/568,537 filed Oct. 5, 2017, U.S. provisional application No. 62/568,044 filed Oct. 4, 2017, U.S. provisional application No. 62/567,479 filed Oct. 3, 2017, U.S. provisional application No. 62/562,713 filed Sep. 25, 2017, U.S. provisional application No. 62/561,850 filed Sep. 22, 2017, U.S. provisional application No. 62/561,751 filed Sep. 22, 2017. *Id*.

29. The Patent comprises twenty three (23) claims all directed to a vehicle battery jump starter. *Id*.

**DEFENDANT**

30. During the months of June and July of 2025, Defendant lodged multiple meritless Amazon infringement complaints (complaint IDs: 18055249681, 17342166521, 18054920471) ("Complaints") against Plaintiffs and the Accused Products. *See* Exhibit B.

31. Therein, Defendant identified the Patent as the intellectual property asserted.

32. Defendant further identified themselves as the rights holder and provided their email as <vkhatri@jonesday.com>.

33. Amazon responded to the Complaints by quickly removing or delisting the Accused Products, thereby causing significant harm to Plaintiffs in Arizona.

## CLAIM I: DECLARATORY JUDGMENT OF NON-INFRINGMENT

34. Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth herein.

35. An actual, continuing, and justiciable controversy exists between Plaintiffs and Defendant as to the non-infringement of the Patent by the Accused Products, as evidenced by Defendant's allegations of infringement on Amazon, as set forth above.

36. Pursuant to the Declaratory Judgment Act, Plaintiffs request a judicial determination and declaration that the Accused Products do not infringe and have not infringed, either directly or indirectly, literally or under the doctrine of equivalents, any claims of the Patent.

37. For example, the Accused Products do not comprise each and every element of independent claim 1 of the patent. At least one of the following elements of claim 1 of the Patent is absent in each Accused Product and each of these elements

reflects an independent ground for noninfringement.: (1) the "cover" enclosing the "internal power supply," the "vehicle battery jump starter," and the "air pump;" (2) the "vehicle battery jump starter" "configured to jump start a vehicle battery;" and (3) the "USB input port" used for charging the rechargeable battery.

38. Specifically, the Accused Products do not comprise a cover nor include multiple cover pieces having a structural connection enclosing the battery, the jump starter, and the air pump. In contrast, the Accused Products include two separate covers, A and B. Cover A encloses the battery and the air pump, Cover B encloses the jump starter, and Covers A and B are two separate parts that do not need to have a structural connection with each other while being used. Additionally, the Patent does not describe the function of the "cover" in the specification. In contrast, the function of the two-separate-cover structure of the Accused Products, taken as a whole, is not merely to shield internal components from environmental factors, but to allow the air pump in Cover A and the jump starter in Cover B to be used independently and separately.

39. Moreover, the Accused Products do not comprise the "vehicle battery jump starter" configured to jump start a vehicle battery. In contrast, the Accused Products jump-starts the vehicle engine directly without routing power through the vehicle battery, which means that, the jump starter in the Accused Products delivers

ORIGINAL COMPLAINT

power directly to the vehicle's starter motor of the engine, bypassing the vehicle battery.

40. Further, the Accused Products do not include the "USB input port" used for charging the rechargeable battery. In contrast, the Accused Products includes the USB-C port, which enables broader compatibility with modern charging devices and support for fast charging via the USB Power Delivery (PD) protocol. The USB-C port of the Accused Products performs different functions than a "USB input port," utilizing a substantially different structural configuration to achieve results beyond merely charging the rechargeable battery.

41. As discussed herein, it is clear that the Accused Products are distinct and do not infringe the Patent, and that the alleged infringement is objectively baseless.

42. Plaintiffs therefore request a judicial declaration that the Accused Products do not infringe any claims of the Patent.

**JURY DEMAND**

43. Plaintiffs, under Rule 38 of the Federal Rules of Civil Procedure, demand a trial by jury of any issues so triable by right.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter the following in favor of Plaintiffs:

A. Preliminary and permanent injunctions ordering Defendant to withdraw all Amazon infringement complaints lodged against the Accused Products regarding the Patent, and to refrain from lodging any further infringement complaints regarding the same;

B. A finding and declaratory judgment that the Accused Products do not infringe any claims of the Patent;

C. A finding and judgment that this case is exceptional and an award to Plaintiffs of their costs, expenses, and reasonable attorney fees incurred in this action pursuant to 35 U.S.C § 285; and

D. Such further and additional relief as the Court deems just and proper.

DATED August 18, 2025.	Respectfully submitted,

By: */s/ Nicholas Najera*
Timothy T. Wang (*Pro Hac Vice forthcoming*)
Texas Bar No. 24067927
twang@nilawfirm.com
Nicholas Najera, (*Pro hac vice forthcoming*)
Texas Bar No. 24127049
nnajera@nilawfirm.com

**NI, WANG & MASSAND, PLLC**
8140 Walnut Hill Ln., Ste. 615
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

**COUNSEL FOR PLAINTIFFS**

ORIGINAL COMPLAINT           14