**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Shang Hai Ai Mu Bo Zhi Neng Ke Ji You Xian Gong Si, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>NOCO Company,<br><br>Defendant. | No. CV-25-02985-PHX-KML<br><br>**ORDER** |

The court's case management order outlines the procedures in the event the parties are unable to resolve a discovery dispute. (Doc. 34 at 11.) Those procedures allow the parties to file a notice, not a motion, outlining their positions. Contrary to those procedures, the parties filed a motion regarding discovery disputes on October 12, 2026. The court resolves the disputes but in the future the parties must comply with all aspects of the case management order, including by filing a notice, not a motion, regarding discovery disputes.

The present dispute involves plaintiffs' allegedly incomplete responses to defendant NOCO Company's discovery requests. NOCO asks the court to compel each plaintiff to produce (1) certain remaining technical documents, including those maintained by manufacturers of the accused products, (2) information about the manufacturers' addresses, contact information, supply agreements, invoices, or persons most knowledgeable, and (3) information about the sales data, invoices, and forecasts of the accused products. (Doc. 50 at 3-4.)

**I. Technical Documents**

NOCO seeks additional technical documents related to the accused products from plaintiffs, which plaintiffs claim are in the possession of third-party manufacturers. NOCO states "documents obtainable on request are within a party's 'control.'" (Doc. 50 at 2.) The correct standard for control is whether a party has a "legal right to obtain documents upon demand." *In re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir. 1999) (simplified). A legal right to obtain documents is evidenced by an ownership interest, binding contract, fiduciary duty, or other legally-enforceable arrangement. *See SiteLock LLC v. GoDaddy.com LLC*, No. CV-19-02746-PHX-DWL, 2023 WL 3344638, at *27 (D. Ariz. May 10, 2023). The fact that a third party has produced documents to the party in the past does not establish control absent some legal right. *See In re Citric Acid*, 191 F.3d at 1108.

As such, that plaintiffs previously obtained circuit schematics from manufacturers does not establish that other documents maintained by the manufacturers are in plaintiffs' control. (Doc. 50 at 2.) Plaintiffs maintain that they do not have any supplier agreements with manufacturers related to the accused products. (Doc. 50 at 5.) Because NOCO has not shown that the additional technical documents it seeks are within plaintiffs' control, the court cannot compel their production at this time. *See United States v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989) ("The party seeking production of the documents . . . bears the burden of proving that the opposing party has such control."). If NOCO can establish such control under the applicable standard and plaintiffs continue to refuse production, the parties may file a joint notice with the court.

**II. Manufacturer Information**

To comply with interrogatories 1 and 14 and RFPs 7, 9, and 17, plaintiffs shall produce the names and contact information of each manufacturer or supplier of the accused products by the October 16, 2026, deadline they propose. (Doc. 50 at 5.)

**III. Financial Information**

To comply with interrogatories 3-4 and RFPs 10 and 11, plaintiffs shall produce the

sales data for each of the accused products as promised. (Doc. 50 at 5.) Plaintiffs do not identify a date by which they will produce this information. Plaintiffs must do so within one week of this order.

**IV. Initial Disclosures**

NOCO argues plaintiffs have inappropriately amended their initial disclosures. (Doc. 50 at 3.) This argument appears aimed at establishing plaintiffs have additional documents to produce. Because NOCO does not seek any relief based on the initial disclosures beyond that regarding technical documents, manufacturer information, and financial information, there is no need for the court to address the initial disclosures issue.

**IT IS ORDERED** that the parties may file a joint notice with the court if defendant can establish that the remaining technical documents are in fact under the plaintiffs' control using the applicable legal test.

**IT IS ORDERED** that plaintiffs shall provide the contact information for each manufacturer or supplier of the accused products, including the manner and method by which plaintiffs contact those entities, by **October 16, 2026**.

**IT IS ORDERED** that plaintiffs shall provide the sales data for each of the accused products within seven days of this order.

**IT IS FURTHER ORDERED** the parties' joint motion for discovery dispute resolution (Doc. 50) is **DENIED AS MOOT**.

Dated this 14th day of October, 2026.

Krissa M. Lanham

**Honorable Krissa M. Lanham**
**United States District Judge**